## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Cox, | Case No. 26-cv-1984-LMP-EMB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Commissioner Department of Human Services, (Jane/John Doe/Unknown Names); MSOP Administration(s), (Jane and John Doe Names unknown and/want Identified); BEU Staff; BEU Hearing Officiers; Amanda Sjoberg, BEU Lead Staff; Justin L. Joslin, Unit Director on Omega-1; Bruce Brekke, Security Counselor; Security Counselor, (Jane/John Doe/Unknown Name); Phil Olson, 1C Unit Director; and Charles Fai, 1C Clinical Supervisor, | |
| Defendants. | |

This is one of five lawsuits that plaintiff Samuel Cox, a client of the Minnesota Sex Offender Program ("MSOP"), has filed in recent months attacking the legality of conditions at MSOP. Cox did not pay the filing fee for this case, instead applying for *in forma pauperis* ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

1

After review of the IFP application, the Court concludes that Cox qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 474 (8th Cir. 2009) (en banc). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The problem with Cox's complaint in this matter is that the document consists entirely of broad, conclusory allegations rather than specific factual allegations which, if later proved true, would establish that one or more of the defendants had violated the law.  This is a problem for two reasons.

First, conclusory allegations—that is, allegations that merely assert a legal conclusion, like that Cox has been "denied access to the court" (Compl. at 2 [Dkt. No. 1]) or that MSOP officials have imposed "excessive punishment" or committed "harassment" (*id.*)—are not entitled to the assumption of truth that is afforded to plausible factual allegations.  *See Iqbal*, 556 U.S. at 679.  Not much remains of the pleading after these conclusory allegations are shorn away.

Second, a litigant seeking relief under 42 U.S.C. § 1983 for alleged constitutional violations must allege not only that their rights have been violated but also plausible facts that the specific defendant or defendants named to the action are personally responsible for the violation.  In other words, to succeed on a claim under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself."  *See Washington v. Craane*, No. 18-cv-1464-DWF-TNL, 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct

3

responsibility for, the deprivation of rights.")).  The complaint lacks allegations tying any specific defendant to any specific wrongdoing.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1983 and that Cox's application to proceed IFP be denied.  Cox's motion for appointment of counsel should be denied, as it is unlikely that appointment of counsel will benefit either Cox or the Court in any appreciable manner.  Finally, Cox is warned that, should he continue to file duplicative complaints that fail to set forth a plausible basis for relief, it may become necessary to impose restrictions on his ability to initiate litigation in this District absent representation by counsel or the advance authorization of a judicial officer of this District.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Samuel Cox (Dkt. No. 2) be DENIED.

3. Cox's motion for appointment of counsel (Dkt. No. 4) be DENIED.

4

Dated: April 9, 2026                    /s/ Elsa M. Bullard_____
                                        Elsa M. Bullard
                                        United States Magistrate Judge


## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).